# UNITED STATES DISTRICT COURT

District of     **PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>MIGUEL A. RIVERA-SANTIAGO | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    91-CR-397 (3)(RLA)<br>USM Number:    07664-069<br>AFPD, Hector Ramos<br>Defendant's Attorney |

**Date of Original Judgment:**   04/02/93
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☒ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
     ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s)   1, 2, 5 and 6 of Indictment on 09/04/92, after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:963, 846, 952(a), 841(a)(1) & 18:2 | Aid & Abet; Conspiracy to Possess with Intent to Distribute and Import Cocaine. | 12/30/91 | 1, 2, 5 & 6 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   3, 4 and 7 of indictment

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 21, 2009
Date of Imposition of Judgment

S/ Raymond L. Acosta
Signature of Judge

Raymond L. Acosta, U.S. District Judge
Name and Title of Judge

April 21, 2009
Date

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __5__

DEFENDANT:     MIGUEL A. RIVERA-SANTIAGO
CASE NUMBER:     91-CR-397 (3)(RLA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

**(*) (300) THREE HUNDRED MONTHS as to each count, to be served concurrently with each other.**
The parties stipulated orally 300 months of imprisonment and waived their right to appeal.

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 3:91-cr-00397-JAF   Document 410   Filed 04/21/09   Page 3 of 5

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
        Sheet 3 — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page    3    of    5

DEFENDANT: LUIS ENRIQUE OVALLE-MARQUEZ
CASE NUMBER: 91-CR-397 (2)(RLA)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **(5) FIVE YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state, or local crime.**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)**

☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)**

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
      Sheet 3A — Supervised Release                                             (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __5__

DEFENDANT:      MIGUEL A. RIVERA-SANTIAGO
CASE NUMBER:    91-CR-397 (3)(RLA)

## (*) ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall not unlawfully possess controlled substances and shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

3. The defendant refrain from the unlawful use of controlled substances, and submit to a drug test within fifteen (15) days of release; thereafter, submit to random drug test, not to exceed 104 samples per year accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court.  If any such samples detect substance abuse, the defendant shall participate in a drug treatment program (in-patient or out-patient) in accordance with such policy. The defendant is required to contribute to the cost of services rendered (co-payment) based on the ability to pay or availability of third party payments, as approved by the Court.

4. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.

5. The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code 3563 (a)(9).

6. The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The sentence imposed on April 2, 1993 stands as to all other effects.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties
                                                  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __5__

DEFENDANT:  MIGUEL A. RIVERA-SANTIAGO
CASE NUMBER: 91-CR-397 (3)(RLA)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 ($50.00 as to each count) | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**  $ _____  $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 5 A — Criminal Monetary Penalties
                                                  (NOTE: Identify Changes with Asterisks (*))